■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN SULLIVAN and JOHN NAUMANN, Appellants.—Appeal by the defendant John Sullivan from a judgment of the Supreme Court, Queens County (Sherman, J.), rendered January 31, 1986, convicting him of criminal possession of stolen property in the second degree, under indictment No. 1847/85, upon his plea of guilty, and imposing sentence. Appeal by the defendant John Naumann from a judgment of the same court (Friedmann, J.), rendered February 6, 1986, convicting him of obstructing governmental administration in the second degree and attempted tampering with physical evidence under indictment No. 1848/85, upon his plea of guilty, and imposing sentence. The appeals bring up for review the denial (Calabretta, J.), after a hearing, of those branches of the defendants' omnibus motions which were to suppress evidence.

Ordered that the judgments are reversed, on the law, the indictments are dismissed, and the matters are remitted to the Supreme Court, Queens County, for the purpose of entering orders in its discretion pursuant to CPL 160.50.

The defendant Sullivan, the owner of "Sully's Auto Salvage Yard" and the defendant Naumann, an employee at the same junkyard, were arrested following a police inspection of the establishment pursuant to Vehicle and Traffic Law § 415-a (5) and New York City Charter § 436. The police found various car parts not reflected in either the dismantler's logbook or the secondhand dealer's logbook, which parts were discovered to have been stolen. The defendant Sullivan was arrested following the inspection on February 11, 1985, and the defendant Naumann two days later. However, the defendant Naumann was arrested for actions he took on the date of inspection on February 11, 1985.

On May 8, 1986, the Court of Appeals declared Vehicle and Traffic Law § 415-a (5) and New York City Charter § 436 to be unconstitutional in *People v Burger* (67 NY2d 338, *cert granted* — US —, 107 S Ct 61). The People contend that reversal is unwarranted with respect to both the defendants and further argue that the defendant Naumann, as an employee, lacked standing to challenge the legality of the search. The defendant Sullivan's conviction must be reversed in light of *People v*

*Burger (supra).* We need not reach the issue of the defendant Naumann's standing to challenge the propriety of the search upon constitutional grounds since the statute and administrative code provision underlying his arrest and conviction were declared unconstitutional and he did have the requisite standing in that regard *(see, Berger v New York,* 388 US 41, 55; *see also, United States v Biswell,* 406 US 311, 315; *People v Pace,* 101 AD2d 336, *affd* 65 NY2d 684). Accordingly, both convictions must be reversed. Bracken, J. P., Kunzeman, Kooper and Spatt, JJ., concur.